Mr. Justice Colcock
delivered'the opinion of the court:
On the first ground taken in this brief, it is only necessary to observe, that it has been the long established doctrine in this state, that the protest of the master and mariners should be received in evidente ; and this was solemnly determined by the unanimous opinion of the bench of judges in 1800, in the case of Campbell vs. Williamson, (2 Bay’s Rep. 242. J It is not perceived how it can be said that the verdict of the juiy is contrary to law, (as the^ second ground states,) for it is admitted on the ground itself that the legal- presumption may be rebutted, and whether it was rebutted, is certainly a question of fact for the jury.' They have a right to determine according to their view of the evidence, and consequently their verdict is a determination of fact, and not of law. The law was distinctly stated to them. That sea-rvorthiness was in the first instance' to be presumed, but that- if a ship within a day or two after her departure became leaky and foundered-at sea, or should be obliged to put back, without any visible of adequate cause to produce such an effect,- the natural *347 presumption must be that she was not sea-worthy when she sailed, and it will then be incumbent on the insured to sheip the state she was in at that time. They were instructed that the whole doctrine was before them, and it was left to them to determine it. The proof was that she started a butt. Was this, in the language of the law, a visible and adequate cause for the leak, and such as would have happened to a vessel sea-worthy at the time of sailing ? But it is incorrect to call this a legal presumption. Marshall and Park call it a natural presumption. As to the other grounds, they are predicated on the facts of the case. — ■ There was a great deal of evidence on both sides, ,and it is therefore immaterial what the court may think of the verdict. They cannot say it was against or without evidence, nor that it is against law.
Toomer, for the motion.
Prioleau, contra.
The motion is dismissed.
Justices Gantt, Richardson, Johnson and Nott, concurred,